UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Antonio Demond Watkins,

        Plaintiff,                    Case No. 23-cv-11472
                                            Honorable Paul D. Borman

v.

John Davids, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING CASE AND
DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

    Plaintiff Antonio Demond Watkins has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. His claims arise from his extradition from South Carolina to Michigan to face a first-degree murder charge. For the reasons that follow, the Court holds that the Complaint fails to state a claim upon which relief may be granted and dismisses the case.

**I.    The Complaint**

    Plaintiff is a prisoner in the custody of the Michigan Department of Corrections. He is serving a sentence of 50 to 75 years for the second-degree murder of Sunta Newman. His Complaint concerns his extradition from South Carolina to Michigan.

Plaintiff names nine defendants: (1) John Davids, Warden, Ionia Correctional Facility, (2) Jonathan Poulos, Genesee County Assistant Prosecutor, (3) G. David Gunn, Genesee County Assistant Prosecutor, (4) Rebecca Jurva-Brinn, Genesee County Assistant Prosecutor, (5) Nathaniel C. Perry, III, Genesee County 68th District Magistrate, (6) Herman Marable, Jr., Genesee County 68th District Magistrate, (7) Judith A. Fullerton, retired Genesee County Judge, (8) Kenneth Engel, retired City of Flint police officer, and (9) Cynthia Herfert, City of Flint police officer.

On September 6, 2011, Assistant Prosecutor Jonathan Poulos authorized the issuance of a felony complaint which, Plaintiff claims, contained a material false statement. (ECF No. 1, PageID.26.) The following day Sergeant Engel swore to the felony complaint before defendant Magistrate Nathaniel C. Perry, III. (*Id.*) Magistrate Perry issued a felony warrant. (*Id.* at 27.) Plaintiff was arrested in South Carolina on February 4, 2013. (*Id.*) Following an extradition hearing in South Carolina, defendants Engel and Herfert transported Plaintiff to the Genesee County Jail, where he arrived on February 17, 2013. (*Id.* at PageID.28.)

Magistrate Herman Marable, Jr., presided over a preliminary examination and, on June 25, 2013, he bound Plaintiff over on a first-degree murder charge. (*Id.*

2

at PageID.32.) Assistant Prosecutor G. David Guinn represented the State during the preliminary examination. (*Id.*)

Judge Judith A. Fullerton presided over Plaintiff's trial. (*Id.* at 33-34.) A jury found him guilty of second-degree murder, carrying a concealed weapon, being a felon in possession of a firearm, and felony firearm. Assistant Prosecutor Rebecca Jurva-Brinn represented the State during the trial. (*Id.* at PageID.35.)

Plaintiff claims defendants violated his rights under the Michigan Uniform Criminal Extradition Act and the Extradition Clause of the United States Constitution, art. IV, § 2, cl. 2, by denying him due process and subjecting him to cruel and unusual punishment. He also claims that defendants conspired to violate his rights and that they acted without jurisdiction or authority. He seeks punitive, compensatory, and nominal damages. (*Id.* at PageID.53-56.)

**II.    Standard**

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A

complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A *Bivens* claim requires that a "plaintiff must allege facts which show that the individual defendant acted 'under color of federal authority' and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005).

### III. Discussion

Plaintiff argues that constitutional violations occurred along each step of the extradition process, beginning with an arrest warrant based upon a material false statement and ending with a trial court which lacked subject-matter jurisdiction because of deficient extradition documents.

The Sixth Circuit Court of Appeals has held that a failure to comply with extradition procedures does not state a claim under § 1983. *Barton v. Norrod,* 106 F.3d 1289, 1295 (6th Cir. 1997). The Sixth Circuit explained as follows:

> [T]he constitutional and statutory extradition provisions are not designed to protect fugitives. Rather, they are designed to facilitate the administration of justice between states. Thus, failure to comply with established procedures does not deprive the fugitive of any protected right. To hold otherwise would mean that, even in a situation of hot pursuit and an uncertain border, a fugitive would have secured a variety of valuable personal rights simply by making it … across the state line. Section 1983, unlike football, should not be a game of inches.
>
> * * *
>
> While we do not condone officials who fail to comply with extradition procedures, a fugitive's rights are sufficiently protected by those limitations placed on the demanding state by the Constitution when determining his guilt or innocence. And the Constitution "is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards." [*Johnson v.* ]*Buie*, 312 F. Supp. [1349], 1351 (W.D. Mo. 1970). Allowing an additional layer of constitutional challenge affords the fugitive little benefit,[] while placing an unnecessary burden on the extradition process, something the Supreme Court has stressed must not be done. *See In re Strauss*, 197 U.S. [324], 332-33 [(1905)].

*Barton v. Norrod*, 106 F.3d at 1295, 1298-99 (6th Cir. 1997). In short, "[o]nce a fugitive is returned to the demanding state, the right to challenge extradition becomes moot; the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." *Id.* at 1298. Plaintiff here has been returned to the demanding state, Michigan; therefore, the legality of his extradition from South Carolina will not support a claim for relief under § 1983 on behalf of the fugitive. Plaintiff thus fails to state a claim upon which relief may be granted.

Moreover, even if Plaintiff could have brought a cognizable § 1983 claim based upon an asserted failure to follow extradition procedures, the time to do so has passed. A court may *sua sponte* dismiss a complaint based upon the applicable statute of limitations where the defect is apparent from the face of the petition. *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 n.3 (6th Cir. 1988). Civil-rights actions under 42 U.S.C. § 1983 that are filed in Michigan have a three-year statute of limitations. *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004). "The statutory period begins to run 'when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred.'" *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 868 n.8 (6th Cir. 2020) (quoting *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)). Here, the three-year statute of limitations commenced

6

on February 17, 2013, when Plaintiff was extradited to Michigan, or, at the latest, on April 15, 2014, when Plaintiff was sentenced in his criminal case. Plaintiff's Complaint was filed on June 14, 2023, years after the limitations period expired. The complaint does not suggest any circumstances that would warrant equitable tolling of the limitations period. The Complaint is time-barred.

## IV. Order

Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court DISMISSES the Complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: August 7, 2023